UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LANCE JONES,<br>    Petitioner, | CIVIL ACTION NO.<br>3:12-CV-01371 (JCH) |
| v. | |
| UNITED STATES OF AMERICA,<br>    Respondent. | JUNE 9, 2015 |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241 (Doc. No. 1)**

Petitioner Lance Jones ("Jones"), pro se, has filed a "Petition for Writ of Habeas Corpus," arguing that he should not have been sentenced as an armed career criminal, and requesting that the court resentence him without the Armed Career Criminal Act ("ACCA") enhancement. Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(a), (c)(3) (Doc. No. 1) ("Pet.") at 9. The Petition is filed pursuant to section 2241 of title 28 of the United States Code.

For the reasons set forth below, the court construes Jones' Petition as a motion for relief under section 2255 of title 28 of the United States Code. Having done so, such motion is **DENIED** as time-barred.

**I.    BACKGROUND**

On September 27, 2000, a jury found Jones guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), as charged in a first superseding indictment. United States v. Jones et al, No. 3:99-CR-00264-EBB, Verdict (Doc. No. 391). On December 21, 2000, the court sentenced Jones to a term of 293 months imprisonment. Id., Judgment (Doc. No. 534). At sentencing, the district court

1

declined to determine whether Jones' offense level was 33 or 34, stating that it would have imposed the same sentence of 293 months regardless.

Jones appealed his conviction and sentence on the grounds that the district court erred in denying his motion to suppress evidence, that he was unfairly prejudiced during the trial when jurors observed him in handcuffs during the trial, and that the district court was required to determine whether his offense level was 33 or 34.  United States v. Jones, 108 F. App'x 19 (2d Cir. 2004) (summary order).  On August 23, 2004, the Second Circuit affirmed the District Court's judgment in a Summary Order. Id.  Jones filed a petition for writ of certiorari to the Supreme Court, which was denied on January 10, 2005.  Jones v. United States, 125 S. Ct. 916 (2005) (denying certiorari).

Meanwhile, on December 20, 2001, a federal grand jury returned a fifth superseding indictment charging Jones and others with various racketeering and narcotics-related offenses.  United States v. Jones et al., No. 3:99-CR-00264-EBB, Fifth Superseding Indictment (Doc. No. 813).  On April 24, 2003, a jury found Jones guilty of violating 18 U.S.C. § 1962(c) (RICO), 18 U.S.C. § 1962 (RICO Conspiracy), and 18 U.S.C. § 1959(a)(5) (VCAR Conspiracy to Commit Murder).  Id., Verdict (Doc. No. 1408).  On September 3, 2003, the court sentenced Jones to a total effective sentence of thirty years imprisonment, to run consecutive to his sentence previously imposed in the same case.  Id., Amended Judgment (Doc. No. 1498).

Jones again appealed his conviction and sentence.  United States v. Jones et al., 296 F. App'x 179 (2d Cir. 2008) (summary order).  On October 20, 2008, the Second Circuit affirmed the District Court's judgment in a Summary Order.  Id.  Jones

2

filed a petition for writ of certiorari to the Supreme Court, which was denied on April 20, 2009.  Jones v. United States, 129 S. Ct. 2012 (2009) (denying certiorari).  On April 21, 2010, Jones moved to vacate, set aside, or correct his second sentence pursuant to 28 U.S.C. § 2255.  On March 15, 2011, the district court denied his motion.  United States v. Jones, 3:10-CV-00628, Ruling on Petition for Habeas Corpus (Doc. No. 6).

On September 24, 2012, Jones filed the instant Petition seeking to have his 293 month sentence vacated.  Jones argues that, under Begay v. United States, 553 U.S. 137 (2008), "and other recent Supreme Court intervening changes in the law," he is "actually innocent" of the ACCA enhancement that was applied at his sentencing.  Pet. at 5.  Thus, he seeks resentencing for the first charge without application of the ACCA enhancement.  Id. at 9.

## II. DISCUSSION

### A. Petition Must be Construed as § 2255 Motion

Under section 2241, a prisoner may challenge the execution of his sentence, such as "calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, or conditions of confinement."  Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003) (internal citations omitted).  On the other hand, section 2255 "is the proper vehicle when the federal prisoner seeks to challenge the legality of the imposition of a sentence by a court."  Id. (internal citation and quotation marks omitted).  Thus, where a petitioner "challenges the constitutionality of the imposition of his sentence rather than the execution of his sentence, his § 2241 petition should be construed as a motion for relief under § 2255."  Id. (quoting Hom Sui Ching v. United States, 298 F.3d 174, 175 (2d Cir. 2002).

3

In "very limited" circumstances, claims that fall within the substantive scope of section 2255 may be made in a petition filed under section 2241.  Id.  In order to fit within this exception, the petitioner must show not only "that relief is procedurally unavailable under § 2255, but also must assert a claim of actual innocence that (a) is 'prov[able] . . . on the existing record,' and (b) 'could not have effectively [been] raised . . . at an earlier time."  Id. (citing Triestman v. United States, 124 F.3d 361, 363 (2d Cir. 1997).  Because Jones challenges the legality of the imposition of his 293 month sentence, and not its execution, his petition should be construed as a motion for relief under 28 U.S.C. 2255, unless it fits under this "very limited" exception.  See Poindexter, 333 F.3d at 377; White v. Craig, 218 F. App'x 10, 11-12 (2d Cir. 2007) (summary order).

Jones contends that he is asserting a claim of "actual innocence" under the ACCA.  Putting aside the issue of whether "actual innocence" can be of ACCA predicates, or only of the offense of conviction, Jones does not assert that he did not actually commit the predicate offenses.  Rather, he argues that the imposition of the ACCA enhancement was made in error because the district court "did not have before it the official records of the prior burglary convictions or statute under which convictions were imposed," because "there is no way to tell which three serious felony convictions . . . the district court relied upon to imposed the ACCA enhancement," and because "several of the prior convictions . . . were consolidated, but the record . . . revealed no information as to the 'timing or sequence of events.'"  Pet. 6-8.  This technical argument does not constitute "a claim of 'actual innocence' as that term is used either in [United States v. Maybeck, 23 F.3d 888 (4th Cir. 1994)]," a case cited by Jones, "or in

4

habeas jurisprudence generally." Poindexter, 333 F. 3d at 380; see also Devore v. United States, 2004 WL 3101853 at *2 (D. Conn. Dec. 15, 2004).

Because he fails to satisfy the "actual innocence" prerequisite for the exception authorizing a petition under section 2241 for a claim within the substantive scope of section 2255, the court must construe his Petition as a 2255 motion.[1] Devore, 2004 WL 3101853 at *2.

### B.   Timeliness

Under section 2255, a federal petition for a writ of habeas corpus is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The statute of limitations begins running upon the occurrence of the latest of four events:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Jones' conviction became final on January 10, 2005, when the Supreme Court

---

[1] Although Jones previously filed a section 2255 motion challenging his 2003 sentence under the fifth superseding indictment, the instant petition challenges only his 2000 sentence under the first superseding indictment. Though they were filed under the same case number, the two indictments were tried separately, and Jones was sentenced separately on each conviction. Thus, the court does not view the instant petition as a successive 2255.

5

denied his petition for writ of certiorari.[2]  Jones v. United States, 125 S. Ct. 916 (2005). However, Jones bases his claim on a Supreme Court case decided after his sentence became final, Begay v. United States, 553 U.S. 137 (2008), which he argues is applicable retroactively as a "substantive rule."  Pet. at 5.

While the Second Circuit has not determined whether Begay applies retroactively, several other circuits have found that Begay and a subsequent ACCA case, Chambers v. United States, 555 U.S. 122 (2009), apply retroactively.  See Jones v. United States, 689 F. 3d 621(6th Cir. 2012); Welch v. United States, 604 F.3d 408, 415 (7th Cir. 2010) (holding Begay and Chambers announced new substantive rules), cert. denied, 131 S.Ct. 3019 ( 2011); Lindsey v. United States, 615 F.3d 998, 1000 (8th Cir. 2010) (holding Begay retroactive), cert. denied, 131 S.Ct. 1712 (2011); United States v. Shipp, 589 F.3d 1084, 1090 (10th Cir. 2009) (holding Chambers retroactive). However, even if Begay applies retroactively, and provided Jones with a right to relief, the statute of limitations for filing would still have expired on April 16, 2009, a year after the Supreme Court's decision.  Jones' Petition, filed on September 24, 2012, was filed well outside this period.

The one-year statute of limitations is not a "jurisdictional bar."  Green v. U.S., 260 F.3d 78, 82 (2d Cir. 2001).  The court, in its discretion, may equitably toll the statute of limitations period.  See id.  However, "[e]quitable tolling applies only in rare and exceptional circumstance[s]."  Id. (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d

---

[2] See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality [of a judgment] attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

6

Cir. 2000)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008). Jones has presented no reasons or evidence from which the court could conclude that he is entitled to equitable tolling. Accordingly, he is not entitled to equitable tolling of the statute of limitations, and his Petition is time barred.

## IV. CONCLUSION

For the reasons set forth above, the court **DENIES** Jones' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(a), (c)(3) (Doc. No. 1). Because Jones has not made a "substantial showing" of denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Clerk is hereby directed to close this case.

**SO ORDERED.**

Dated this 9th day of June, 2015, at New Haven, Connecticut.

       /s/ Janet C. Hall
Janet C. Hall
United States District Judge